Dupuis v. Haven Health Ctr., No. 676-9-10 Rdsc (Teachout, J., Mar. 1, 2012)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                             **CIVIL DIVISION**
**Rutland Unit**                                       **Docket No. 676-9-10 Rdsc**

**Rachael Dupuis**
        **Plaintiff**


        **v.**


**Haven Health Center and**
**TC Healthcare, LLC**
        **Defendants**


## DECISION
### Motion for Relief from Judgment, filed February 8, 2012


Defendant filed a Motion for Relief from Judgment under V.R.C.P. Rule 60(b) on February 8, 2012, at the time of the financial disclosure hearing. The Court heard Defendant's argument on the motion that day. Plaintiff filed an objection on February 13, 2012, and Defendant replied on February 28, 2012.

The Court denies the Motion for three reasons:

First, it does not appear that such a motion is authorized by the Small Claims Rules. See V.R.S.C.P. 4 for authorized motions. While this is not one of the authorized motions, because it is based on a claim of lack of jurisdiction, the Court nonetheless addresses it below. However, one basis for this decision is that such a motion is not authorized.

Second, as the Hon. Mark R. Kravitz, United States District Judge for the District of Connecticut wrote in response to this same argument in relation to this case in his Ruling and Order of January 23, 2012, this argument is being raised for the first time after three state court rulings (Small Claims Court, Civil Division on Appeal, Vermont Supreme Court on Appeal) and three federal court rulings (Bankruptcy Court in Connecticut, Federal District in Connecticut, and reconsideration ruling in the Federal District Court in Connecticut). The issue has been lost as a defense because of the failure to raise it in a timely way: "[I]f the question of jurisdiction was . . . not actually litigated, ordinary principles of defense preclusion would suggest that it be lost just as defenses on the merits are lost." 18A Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure*, § 4428, at 10 (2d ed. 2002). This is particularly important and appropriate in the context of this case as a small claims case, and is consistent with the absence of Rule 60(b) as a permissible motion under the Small Claims Rules in that it does not make sense to allow a losing party in a small claims case to file a Rule 60(b) motion to challenge jurisdiction for the first time after all appeals and collateral appeals are unsuccessful.

Third, even if Defendant's jurisdictional argument is considered on its merits, Defendant does not succeed. Defendant claims that the Bankruptcy Court in Connecticut had exclusive jurisdiction of Plaintiff's claim in this case under a July 4, 2008 Order retaining exclusive jurisdiction over "claims arising out of or relation to the Purchase Agreements" in which Defendant purchased the assets of the prior owner of the Haven Health Center. The basis of the Small Claims Judgment in this case, however, was equitable estoppel. The ruling was grounded on facts concerning the conduct of the Defendant toward Plaintiff in their employer-employee relationship in Vermont. The judgment was not based on an issue that might be between the Defendant and the other party to the Purchase Agreements that were the subject of the July 4, 2008 Bankruptcy Court Order.

For the foregoing reasons, Defendant's Motion for Relief from Judgment is *denied.*

Dated at Rutland, Vermont this 1st day of March, 2012.

_____
Hon. Mary Miles Teachout
Superior Judge